

Signed: August 11, 2005

NOT FOR PUBLICATION

_____
RANDALL J. NEWSOME
U.S. Bankruptcy Judge
_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| In re Read-Rite Corporation,<br><br>              Debtor. | Case No. 03-43576 RN7<br>Chapter 7 |
| Tevis T. Thompson, Jr., Chapter 7 Trustee,<br><br>              Plaintiff,<br>v.<br><br>Tennenbaum Capital Partners, LLC as Administrative Agent for Special Value Bond Fund II, LLC, Special Value Absolute Return Fund, LLC, and J.B. Fuqua Family Charitable Lead Annuity Trust - 2000, et al.,<br><br>              Defendant. | Adversary Proceeding 05-4182 AN |

**ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT**

This matter is before the Court upon the Trustee's Motion for Partial Summary Judgment filed pursuant to Federal Rule of Civil Procedure 56(c), as incorporated by Federal Rule of Bankruptcy Procedure 7056. Defendant Tennenbaum Capital Partners, LLC, as administrative agent for certain lenders (collectively herein "TCP"), filed a timely response. A motion for summary judgment shall be granted where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Cattret*, 477 U.S. 317, 322 (1986).

Prior to the filing of this bankruptcy case, TCP made certain loans to the Debtor. The Debtor then defaulted on the loans, totaling some $19 million, not including interest, fees and other charges. Pursuant to the loan agreements and based upon such default, TCP accelerated repayment of the loans,

thereby triggering a Prepayment Fee. Thereafter, on or about June 17, 2003, the Debtor filed this bankruptcy case. TCP filed a proof of claim, asserting that as of the filing date of this bankruptcy case it held a secured claim based upon the defaulted loans for nearly $24 million, consisting of principal, interest, expenses and fees, including a Prepayment Fee of about $4.4 million.

After Court approval of a sale of substantially all of the Debtor's assets, pursuant to TCP's demand the Trustee paid TCP the $24 million, but reserved the right to later object to the Prepayment Fee. On or about March 10, 2005, the Trustee filed the instant adversary proceeding complaint asserting, *inter alia*, that the Prepayment Fee is unenforceable and that in any event, the $4.4 million fee was not reasonable under §506(b) of the Bankruptcy Code. For purposes of the instant Motion, the Trustee assumes that the Prepayment Fee is enforceable under applicable non-bankruptcy law.

There is no dispute that TCP's $24 million claim included the Prepayment Fee, that the entire claim arose pre-petition, and that it is an allowed oversecured claim. Section 506(b) provides that to the extent an "allowed secured claim" is oversecured, the claim is allowed post-petition interest, and is also allowed fees, costs, or charges if such are reasonable and provided for by the agreement under which the claim arose. *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 240-241 (1989). The parties' disagreement here stems from the import of §506(b)'s requirement that a claim holder have an "allowed secured claim" for the reasonableness standard to apply.

TCP asserts that because an "allowed secured claim" is composed of all matured pre-petition debt owing as of the date on which a bankruptcy petition is filed, it is therefore a fixed amount. As such, TCP asserts that a straightforward reading of §506(b) indicates that the reasonableness standard applies only to those fees, costs and other charges that arise on an allowed secured claim *after* the petition is filed. Because the Prepayment Fee was owed pre-petition under the note and security agreement in question, TCP asserts that the reasonableness standard does not apply. Conversely, TCP argues that the Trustee's argument ignores the requirement that there be an "allowed secured claim" as a prerequisite to the application of §506(b).

The sole issue before the court is whether § 506(b) applies to charges that came due and owing pre-petition. Both the language of the statute and binding case law require that this issue be resolved

2

in TCP's favor. First, the statute itself strongly supports this conclusion. Section 506(b) only applies to "allowed secured claims." The meaning of that phrase is fleshed out in § 506(a), which describes "[A]n allowed claim of a creditor secured by a lien on property in which the estate has an interest. . . ." Absent bankruptcy, a secured creditor such as TCP has a right to payment under a note and a lien under a security agreement, all governed by state law. The strictures imposed upon those state law rights under the concept of an "allowed secured claim" pursuant to § 506 do not come into being absent the filing of a bankruptcy. Because there can only be an "allowed secured claim" in bankruptcy, § 506(b) can only apply after a bankruptcy petition is filed.

With the exception of *Welzel v. Advocate Realty Investments, LLC (In re Welzel),* 275 F.3d 1308 (11th Cir. 2001), which does not adequately address the meaning of "allowed secured claim," none of the authorities cited by the Trustee directly supports his position. His citation to *Imperial Coronado Partners, Ltd. v. Home Federal Savings and Loan Assoc. (In re Imperial Coronado Partners, Ltd.)*, 96 B.R. 997, 1000 (9th Cir. BAP 1989) is unavailing, since the prepayment penalty in that case was triggered by the sale of the property *after* the bankruptcy was filed, and is thus not on point. Indeed, with the exception of *Welzel,* it appears that post-petition events were involved in all of the cases the Trustee cites.

To the extent that these cases support the application of § 506(b) to charges owed pre-petition, they are out of step with the great weight of authority. *See, e.g., Bondholder Committee v. Williamson County (In re Brentwood Outpatient, Ltd.),* 43 F.3d 256, 263 (6th Cir. 1994) (oversecured allowed claim is entitled to the interest, penalties, fees and costs that accrue *before* a bankruptcy is filed, but those items which accrue *after* the petition is filed are permitted only if the §506(b) requirements are satisfied); *Financial Security Assurance, Inc. v. T-H New Orleans Limited Partnership (In re T-H New Orleans Limited Partnership)*, 116 F.3d 790, 797 (5th Cir. 1997) (§506(b) applies *only from* the date of filing of the petition through the confirmation date). These cases are in line with the *Ron Pair* decision, which in considering §506(b) in the context of allowing post-petition interest on an oversecured claim stated:

> Section 506(b) allows a holder of an oversecured claim to recover, *in addition to the*

3

Case: 05-04182    Doc# 22    Filed: 08/11/05    Entered: 08/12/05 08:25:24    Page 3 of 5

*prepetition amount of the claim*, interest on such claim and any reasonable fees costs or charges provided for under the agreement under which such claim arose.

*Ron Pair Enterprises*, 489 U.S. at 239-240 (italics added). Similarly, a leading bankruptcy treatise notes that §506(b) applies only to fees that arise post-petition, stating that an allowed secured claim "is typically determined as of the petition date, and includes the principal amount of the obligation *plus all matured prepetition interest fees, costs and charges owing as of the petition date*." 4 Collier on Bankruptcy, ¶506.04[1] at 506-101 (15th Ed. Rev. 2005) (italics added).

**Conclusion**

In accordance with the foregoing, this Court finds that TCP's allowed secured claim includes the Prepayment Fee, and that the reasonableness standard of §506(b) does not apply. The Trustee's Motion for Partial Summary Judgment is hereby denied.

**IT IS SO ORDERED**.

**END OF ORDER**

|     |                                      |
| --- | ------------------------------------ |
| 1   | **COURT SERVICE LIST**               |
| 2   | Matthew J. Shier                     |
|     | Pinnacle Law Group                   |
| 3   | 425 California St. #1800             |
|     | San Francisco, CA 94104              |
| 4   |                                      |
|     | Lee R. Bogdanoff                     |
| 5   | Klee, Tuchin, Bogdanoff and Stern    |
|     | 2121 Avenue of the Stars 33rd Fl.    |
| 6   | Los Angeles, CA 90067                |
|     |                                      |
| 7   | Office of the U.S. Trustee           |
|     | 1301 Clay St. #690N                  |
| 8   | Oakland, CA 94612                    |

5